THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>                Plaintiff,<br>   v.<br><br>NEW WEST GYPSUM USA, INC.,<br><br>                Defendant. | NO. 3:11-cv-05812-RBL<br><br>CONSENT DECREE |

WHEREAS, Plaintiff, Puget Soundkeeper Alliance, on October 3, 2011, filed a Complaint against Defendant, New West Gypsum USA, Inc. alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Fife, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs ("Complaint").

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation; and

WHEREAS, Defendant has undertaken, and is implementing, measures to ensure compliance with the Clean Water Act and its National Pollutant Discharge Elimination Permit

CONSENT DECREE - 1
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

for its facility and to address issues raised in the July 29, 2011 Notice of Intent to Sue ("Notice") served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint or Notice, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. The recitals set forth above are incorporated herein as if set forth fully below.

2. This Court has jurisdiction over the parties and subject matter of this action;

3. The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

4. This Consent Decree applies to and is binding upon the parties, and upon the successors and assigns of the parties.

5. This Consent Decree applies to Defendant's operation and/or oversight of its facility located at or about 1321 54th Avenue East, Fife, WA 98424 (the "Facility").

CONSENT DECREE - 2
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

6. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case, Notice, and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, with respect to Defendant's operation and/or oversight of the Facility identified in paragraph 5 of this Consent Decree. Enforcement of this Consent Decree is Plaintiff's exclusive remedy for any violation of its terms.

7. This Consent Decree will not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint or Notice, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint or Notice, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

8. In full and complete satisfaction of the claims covered by the Complaint and Notice, and all other claims covered by this Consent Decree, as described in Paragraph 6, Defendant agrees to abide by and be subject to the following terms and conditions:

    a. Defendant will fully comply with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR001333 and any successor, modified or replacement permit (the "NPDES Permit") covering Defendant's operation and/or oversight of the Facility identified in paragraph 5 of this Consent Decree;

    b. Within thirty (30) days following the entry of this Consent Decree, Defendant will amend its Stormwater Pollution Prevention Plan ("SWPPP") to comply with the NPDES Permit and implement all BMPs accordingly. Upon its completion, Defendant will forward a copy of the amended SWPPP to Plaintiff. Amendments to the SWPPP will include, but may not be limited to: (1) regular vacuum sweeping at a frequency of no less than monthly

CONSENT DECREE - 3
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

and a procedure and agreement with Defendant's landlord, Papé, to move equipment in order to access all sweepable areas of the site on at least a quarterly basis; (2) a schedule for regular housekeeping measures including bag house maintenance; (3) structural BMPs for the Facility building to minimize the release of material through any structural deficiencies (including sealing the points of contact between walls and floor, repairing the rear door, and addressing other places to minimize gypsum escape); (4) structural BMPs designed to minimize track out of material from the Facility building; (5) other applicable BMPs from the Washington State Department of Ecology's Stormwater Management Manual for Western Washington; and (6) a comprehensive spill control plan that provides for immediate responses to leaking equipment observed on site, including immediate containment and cleanup efforts by Defendant, as well as a mechanism to contact Defendant's landlord, Papé, so that it can promptly respond to any leaking Papé vehicles located near the Facility building.

   c. Defendant will amend its SWPPP to include a supplemental monitoring plan, comprising at least three (3) rounds of sampling and analysis to be completed not later than 100 days after entry of this Consent Decree, developed by a qualified consultant, to determine whether discharges from the Facility building roof exceed copper or zinc benchmarks, as established by the NPDES Permit.  In the event any of the supplemental roof samples exceed those benchmarks, Defendant will retain a qualified consultant to help it select and implement a downspout treatment BMP that would be expected to meet benchmarks.  The treatment system would be implemented by September 30 following the second benchmark exceedance, or six (6) months following the second benchmark exceedance, whichever is later.  For the downspout treatment BMPs, Defendant will submit an engineering report, plans and specifications, and an operations and maintenance manual (to be incorporated into Defendant's SWPPP), as referenced

CONSENT DECREE - 4
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

in Condition S8.D.3 of the NPDES Permit, to the Department of Ecology and Plaintiff for review and approval by both entities not less than sixty (60) days before the deadline for treatment BMP implementation under this paragraph.

        d.    In addition to the stormwater sampling and analysis required by the NPDES Permit, Defendant will collect stormwater discharge samples from both of its sample locations on a monthly basis as possible (i.e. given available stormwater discharges during business hours) until a total of twelve (12) monthly samples are collected following the entry of this Consent Decree. These samples will be analyzed for the parameters required by the permit (copper, zinc, turbidity, visible oil sheen, total petroleum hydrocarbon, and pH) in a manner consistent with permit requirements. Defendant must forward monitoring results to Plaintiff on a quarterly basis (i.e., upon Defendant's receipt of monitoring results for samples collected in March, June, September, and December). If any benchmark is exceeded in more than one month during that one year period, Defendant must retain a qualified consultant to help Defendant select and implement appropriate treatment BMPs that would be expected to attain all benchmarks. Catch basin filtration by itself does not constitute appropriate treatment BMPs. In the event Defendant triggers this obligation, Defendant must implement the chosen treatment system by September 30 following the second benchmark exceedance, or six months following the second benchmark exceedance, whichever is later. For the treatment BMPs, Defendant will submit an engineering report, plans and specifications, and an operations and maintenance manual, as referenced in Condition S8.D.3 of the NPDES Permit, to the Department of Ecology and Plaintiff for review and approval by both entities not less than one hundred twenty (120) days before the deadline for treatment BMP implementation under this paragraph.

CONSENT DECREE - 5
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

   e. Until the termination of this Consent Decree, Defendant will forward to Plaintiff copies of all documents related to discharges from the facility or the NPDES permit issued for the facility transmitted to or received from the Washington Department of Ecology by the fifteenth day of the month following the month of such transmission or receipt.

  9. Not later than one-hundred twenty (120) days after the entry of this Consent Decree, Defendant will pay $10,000/00 (TEN THOUSAND DOLLARS) to Citizens for a Healthy Bay for the project described in Attachment A to this Consent Decree.  Checks shall be made to the order of Citizens for a Healthy Bay, Attn: Program Coordinator, 535 Dock Street, Suite 213, Tacoma, WA 98402.  Payment shall include the following reference in a cover letter or on the check: "Consent Decree, PSA v. New West Gypsum USA Inc."  A copy of the check and cover letter, if any, must be sent simultaneously to Plaintiff.

  10. Within one-hundred twenty (120) days of the entry of this Consent Decree, Defendant will pay Plaintiff's reasonable attorney fees and costs in the amount of $25,000.00 (TWENTY FIVE THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John Street, Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have pursuant to the Complaint, the Notice, the Clean Water Act and/or the NPDES Permit for fees and costs.

  11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

CONSENT DECREE - 6
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

12. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to this Decree to apply to the Court for any further Order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree. This Consent Decree takes effect upon entry by the Court. It terminates two (2) years after that date, or 90 days after the parties' completion of all obligations imposed by this Decree, whichever is later.

13. A "force majeure event" is an event outside the reasonable control of Defendant that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Defendant notifies Plaintiff of the event; the steps that Defendant will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Defendant will notify Plaintiff of the occurrence of a force majeure event as soon as reasonably practicable but, in any case, no later than fifteen (15) days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include
- a. Acts of God, war, insurrection, or civil disturbance;
- b. Earthquakes, landslides, fire, floods;
- c. Actions or inactions of third parties over which defendant has no control;
- d. Unusually adverse weather conditions;

CONSENT DECREE - 7
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

   e. Restraint by court order or order of public authority;

   f. Strikes; and

   g. Litigation, arbitration, or mediation that causes delay.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection by the Court to entry of this Consent Decree.

15. Notifications required by this Consent Decree must be in writing.  The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail.  For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 15.

**if to Plaintiff:**

Puget Soundkeeper Alliance
Attn: Katelyn Kinn
5305 Shilshole Avenue NW
Seattle, WA 98107
email: katelyn@pugetsoundkeeper.org

**and to:**

Richard A. Smith
Smith & Lowney, PLLC
2317 E. John St.
Seattle, WA 98112
email: rasmithwa@igc.org

CONSENT DECREE - 8
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1 **if to Defendant**:

2 New West Gypsum USA, Inc.
Attn: Gwen McCamley
3 210 - 19860 Langley By-pass
Langley, BC
4 Canada V3A 4Y1
email: mccamley@nwgypsum.com

**and to:**

Peter Petrich
Davies Pearson, PC
920 Fawcett
PO Box 1657
Tacoma, WA 98401
email: ppetrich@dpearson.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, in which case the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

CONSENT DECREE - 9
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Dated and entered this 17th day of December, 2012.

_____
Ronald B. Leighton
United States District Judge

PUGET SOUNDKEEPER ALLIANCE

Signature:   *s/ Chris Wilke*_____
             Chris Wilke, Puget Soundkeeper

Title:       Executive Director_____

Dated:       October 19, 2012_____

NEW WEST GYPSUM USA, INC.

Signature:   *s/ Gwen McCamley*_____
             Gwen McCamley

Title:       Corporate Secretary_____

Dated:       October 10, 2012_____

CONSENT DECREE - 10
Case No. 3:11-cv-05812-RBL

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215